| BYRNES, Judge.
Appellant, Frank Bruno, initiated foreclosure proceedings via executiva against Janice S. Winford, wife of Eugene Thornton, on a note and mortgage in the sum of $10,772.01. Pursuant thereto, on August 31, 1992, judgment was rendered in favor of Mr. Bruno in the amount prayed for “together with legal interest at the rate of eight (8%) percent per annum from March 15th, 1986 until paid, together with twenty (20%) percent attorney’s fees upon the total amount of principal and interest and for all costs of these proceedings.” On September 30, 1992 a writ of seizure and sale was directed to the Civil Sheriff for the Parish of Orleans in the amount of the judgment of August 31st “and also the sum of Two Hundred ($200.00) and 00/100Dollars costs as well as your [referring to the sheriff] costs and charges.... ”
*548 On the day fixed for the foreclosure sale neither Mr. Bruno nor his representative appeared and the sheriff cancelled the sale.[1]
RThe sheriff filed a “Rule For Sheriffs Costs” alleging among other things:
1. That the sheriff served notice of seizure upon Mr. Bruno and set the matter for judicial sale.
2. Prior to the sale Bruno requested that the sale be stopped.
3. That the sheriff incurred costs in execution of the writ which costs amount to $1,442.90, subject to a credit of $300.00 previously advanced as a deposit by Mr. Bruno.
Mr. Bruno filed an answer in which he “respectfully avers that the allegations contained in the Sheriffs Motion are true and correct with the exception that respondent did not request that the sale be stopped and further that the failure of the Civil Sheriff for the Parish of Orleans to proceed with the judicial sale of the property in question was due solely through the fault of the Civil Sheriff in failing to follow the laws of the State of Louisiana pertaining to judicial sales.”
Judgment on this rule was rendered in favor of the sheriff as prayed. Mr. Bruno appeals, asserting in a “Statement of Points of Appeal” that he “intends to rely solely upon his contention that the ... the failure of the Civil Sheriff to proceed with the judicial sale of the property in question was due solely through the fault of the Civil Sheriff in failing to follow the law of the State of Louisiana pertaining to judicial sales.”
The sheriff acknowledges that the allegation in his rule that the sale was stopped at Mr. Bruno’s request was in error.
Bruno assigns as error the failure of the trial court to allow him to present testimony at the hearing on the rule. But Mr. Bruno did not attempt to make a profer below. Mr. Bruno made no attempt below to explain what he hoped to prove by such testimony and he has made no attempt to explain to this court what he hoped to prove or how he was prejudiced by not producing testimony below. Our review of the transcript of the hearing below reveals that the parties were able to agree on all facts relevant to this appeal,[2] and the only disagreement of substance was Mr. Bruno’s contention that the sheriff is mandated by LSA-C.C.P. art. 2338 B to determine the “costs” and proceed with the sale in the absence of Mr. Bruno. LSA-C.C.P. art. 2338 B provides:
If the seizing creditor is not present or represented at the sale, the property shall not be sold for less than the amount necessary to fully satisfy his writ plus costs. [Emphasis added.]
Mr. Bruno seizes on the word “shall” and interprets LSA-C.C.P. art. 2338 B as a mandate to proceed with the sale in the absence of the seizing creditor as though this were an article designed to facilitate sales and increase their frequency. Mr. Bruno reads the article as though it says “shall be sold” instead of “shall not be sold.”[3] Mr. Bruno’s reading of LSA-C.C.P. art. 2338 B is in error. LSA-JC.C.P.4 art. 2338 B is intended to reduce the frequency of foreclosure sales by prohibiting those in the absence of the seizing creditor that would not “fully satisfy his writ plus costs.” LSA-C.C.P. art. 2338 B was not intended to mandate foreclosure sales in the absence of the seizing creditor.
*549 Mr. Bruno in the hearing below contended that all the sheriff needed to do to execute the sale in compliance with LSA-C.C.P. art. 2338 B was to check the record for the costs. Mr. Bruno further contends that this is easy for the sheriff to do so, and LSA-C.C.P. art. 2338 B was enacted with the expectation that the sheriff be required to perform this simple task.
The sheriff responds that he expects the creditor to furnish him with a payout letter telling him what the amount of the writ and costs are. We note that the matter is not as simple as checking the record for costs. There is also the problem of determining the amount of the writ because the writ also calls for 8% interest and 20% attorney’s fees plus costs. Mr. Bruno does not contend that he furnished the sheriffs office with these figures. We find no authority in LSA-C.C.P. art. 2338 B for the expectation that the sheriff will, at the last minute, when he discovers that the creditor has not appeared, suddenly and unexpectedly have to determine the costs and calculate interest and attorneys fees at a time when there may be a considerable number of foreclosure sales fixed.
We also note that Mr. Bruno has made no allegation of prejudice. Mr. Bruno has not contended that there was a willing bidder prepared to bid the amount of the writ and costs had that bidder only had the opportunity to do so.
Mr. Bruno has not challenged the amount of the judgment in favor of the sheriff on this appeal.
|5For the foregoing reasons the judgment below is affirmed.

AFFIRMED.

JONES, J., dissents with reasons.
LANDIEU, J., concurs with reasons.

. It appears that a previous sale date was also cancelled because of an error in the advertisement. Mr. Bruno has confined this appeal to the complaint that the sheriff should not have can-celled the rescheduled sale just because Mr. Bruno failed to make an appearance.

. At the hearing below, the only fact upon which the parties could not agree was who was to blame for the error in the advertisement that caused the first attempt at foreclosure to be can-celled. Mr. Bruno has not raised this issue in connection with his appeal.

.In the hearing below Mr. Bruno argued that LSA-C.C.P. art. 2338 B said that when “the seizing creditor is not there the sheriff will sell the property at an amount sufficient to satisfy the judgment — " If this is how the code article actually read, Mr. Bruno's argument would be much more compelling. However, Mr. Bruno’s reading requires that we omit the word "not" before the phrase "be sold.” When we reinsert the word "not” back where it belongs in the article our reading is contrary to that suggested by Mr. Bruno.